James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
Paul A. Brown (SBN 340841)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff JULIA DALE
on behalf of herself and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DALE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK CAMPUS, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:24-cv-04856-YGR<br><br>**FIRST AMENDED COMPLAINT**<br><br>Assigned for All Purposes To:<br>Hon. Yvonne Gonzalez Rogers<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>1) **Failure to Pay Minimum Wages;**<br>2) **Failure to Pay Overtime Owed;**<br>3) **Failure to Provide Lawful Meal Periods;**<br>4) **Failure To Authorize And Permit Rest Periods;**<br>5) **Failure to Reimburse Necessary Expenses;**<br>6) **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff JULIA DALE ("Plaintiff"), individually and on behalf of others similarly situated, and assert claims against defendant ARAMARK SERVICES, LLC, a Delaware corporation; and DOES 1-50, inclusive (collectively "Defendants" or "Aramark") as follows:

## INTRODUCTION

1.     This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed by Defendants at stadiums, arenas, and other similar venues in California at any time from three years prior to the filing of this Complaint through resolution or trial of the matter ("Class Members" or "Non-Exempt Employees").

2.     Defendants implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; vacation pay, and timely payment of wages.

3.     Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff, on behalf of themselves and all Class members, bring this action pursuant to the California Labor Code, including sections 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of themselves and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendants for their failure to pay to Plaintiff and Class Members all of their wages, including overtime and premium wages.

## JURISDICTION AND VENUE

5.     This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendants pursuant to California Code of Civ. Proc. Section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

6.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

7.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

8.     This Court has jurisdiction over Defendants because, upon information and belief, Defendants is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California Courts consistent with traditional notions of fair play and substantial justice. Defendants has done and are doing business throughout Alameda County and California.

9.     The unlawful acts alleged herein have a direct effect on Plaintiff and the other similarly situated Non-Exempt Employees within California and it is believed that Defendants have employed hundreds of Class Members as Non-Exempt Employees California.

10.     The California Superior Court also has jurisdiction in this matter because the individual claims of the Class Members described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be under the five million

dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.  Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

11.     Venue is proper in this Court because one or more of the Defendants reside, transact business, or have offices in this County, and the acts or omissions alleged herein took place in this County.

## PARTIES

12.     Defendant Aramark Services, Inc. is a Delaware corporation doing business in the state of California.  It is based at 2400 Market Street, Philadelphia, Pennsylvania, 19103.

13.     Upon information and belief, Defendants employ Non-Exempt Employees, like Plaintiff, throughout the State of California.

14.     Plaintiff Julia Dale is and during the liability period has been, a resident of California.

15.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period. Plaintiff is currently employed by Defendants at the Oakland Coliseum, 7000 South Coliseum Way, Oakland, California 94621 as a stand manager.

16.     Plaintiff and the members of the putative class were employed as hourly paid employees by Defendants, either directly or indirectly, in the State of California at any time from three years prior to the filing of this Complaint.

17.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation mean that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management,

direction, control, or transaction of the ordinary business and affairs of Defendants.

18.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19.     Plaintiff is informed and believe, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

20.     Plaintiff is further informed and believe, and thereon allege, that at all times material herein, each Defendants was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendants or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **FACTUAL ALLEGATIONS**

21.     During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

22.     Plaintiff and the Class Members were, and at all times pertinent

hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  They are subject to the protections of the IWC Wage Orders and the Labor Code.

23.    During the relevant time, Plaintiff Julia Dale was employed by Defendants in an hourly, non-exempt position.  She worked as an hourly employee in the Oakland Coliseum approximately 6 days per week, 30 hours per week.

24.    Plaintiff is informed and believe, and thereon allege, that Defendants is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.    All Class Members are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

26.    Plaintiff and the Class Members were required to clock in at the beginning of their shifts, clock out for lunch, in at the end of their lunch periods and out at the end of their shifts.  Plaintiff and the Class Members were not paid for all hours worked because employees were required to work off the clock.

27.    In addition, Plaintiff and the Class Members were required to report to work early before scheduled shifts and clocked in, but were not paid until their scheduled start time.

28.    Plaintiff's and Class Members' off the clock work included, but was not limited to, walking from the designated employee parking area to the security gate (approximately two minutes per shift), going through security checks (approximately one minute per shift), waiting in line to clock in, and working during purported meal and rest periods (approximately 40 minutes per shift). Plaintiff was required to walk from the designated employee parking area to the security check every shift, and was required to wait in line to clock in on approximately 25% of her shifts. Plaintiff and the Class Members were subject to employer control while performing said functions and all such time should have been compensated but was

not. In result, Plaintiff and Class Members were not paid at least minimum wage for each hour worked.

29.   Defendants knew or should have known that Plaintiff and Class Members were working off the clock and should have been compensated for this time.

30.   Further, Defendants engaged in the systemic practice of requiring employees to fill out time adjustment forms to change their recorded work time to show meal periods even when no meal period was taken, and underpaid employees as a result.

31.   In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

32.   Upon information and belief, Defendants failed to incorporate all forms of non-discretionary compensation into the regular rate, including bonuses, (shift) differentials, gift cards, commissions, and incentives. By way of example, such violations occurred every pay period during Plaintiff's employment during the relevant time period in which she was paid a bonus and worked overtime and/or double time hours, including, *inter alia*, the pay periods of February 16, 2023 through March 1, 2023 (approximately $16 in underpaid overtime wages), May 11, 2023 through May 24, 2023 (approximately $64 in underpaid overtime and double time wages), August 31, 2023 through September 13, 2023 (approximately $28 in underpaid overtime wages), and September 14, 2023 through September 27, 2023 (approximately $30 in underpaid overtime pay).

33.   Plaintiff and the Class Members were regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, over ten hours in a day without being provided a second lawful meal period as required by law. Although meal periods were not lawfully provided to Plaintiff and

Class Members, Defendants had a policy and procedure of requiring Plaintiff and Class Members to clock out and continue working.

34.    Indeed, during the relevant time, as a consequence of Defendants' scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint uninterrupted 30-minute meal periods as required by law. Such violations occurred every workweek during Plaintiff's employment during the relevant time period.

35.    Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

36.    Plaintiff is informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

37.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC Wage Orders.

38.    Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.  Such requisite rest periods were not timely authorized and permitted.  Such violations occurred every workweek during Plaintiff's employment during the relevant time period.

39.    Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one

additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC Wage Orders, for each day on which lawful rest periods were not authorized and permitted.

40.    In addition, Plaintiff and the Class Members were required to carry work-related cellular phones or other communications devices during meal and rest periods, and were required to remain available. Meal and rest periods were frequently interrupted as a consequence.

41.    Further, Plaintiff and, upon information and belief, the Class Members were not allowed to leave the premises during meal and rest periods.

42.    Moreover, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including without limitation for cell phone expenses, bottle openers and other utensils, and office supplies, but were not fully reimbursed for such necessary expenses.

43.    Further, Defendants also maintained and enforced practices and policies to systematically not compensate Plaintiff and Class Members' vested vacation wages and effectuating unlawful forfeitures thereof. Defendants purported to pay vacation wages in full in October and November 2023, but did not fully pay all earned vacation wages, and has continued to fail to pay such vacations wages to Plaintiff and the class members.

44.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations.

45.    Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c),

California Labor Code section 226, and applicable California Wage Orders. Such violations occurred every workweek during Plaintiff's employment during the relevant time period.

46.    Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

## CLASS ACTION ALLEGATIONS

47.    Plaintiff bring this action on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seek class certification under California Code of Civil Procedure §382.

48.    All claims alleged herein arise under California law for which Plaintiff seek relief as authorized by California law.

49.    The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendants as hourly paid, non-exempt workers in the State of California in stadiums, arenas, amphitheaters, and other event venues/centers at any time from four years prior to the filing of this action[1] through resolution or trial of the matter.**   (hereinafter collectively referred to as the "Class" or "Class Members").

50.    Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.    All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass"**);

b.    All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek **(collectively "Overtime Subclass"**);

c.    All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of

---

[1] As properly tolled by California Rule of Court App I. R.R. Emergency Rule 9

net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Meal Period Subclass**");

d.    All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (hereinafter collectively referred to as the "**Rest Period Subclass");**

e.    All Class Members who were not reimbursed for all necessary expenditures (collectively "**Indemnification Subclass**");

f.    All Class Members whose vacation wages were forfeited (collectively "**Vacation Pay Subclass"**).

g.    All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

h.    All Class Members who performed management or supervisorial functions (hereinafter collectively referred to as the "**Supervisor Subclass**").

51.    Plaintiff reserve the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues.  Any reference herein to the Class Members or the Plaintiff's Class includes the members of each of the Subclasses.

52.    As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendants' records.

COMPLAINT

a.   <u>Numerosity</u>:  The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical.  The membership of the entire Class and Subclasses is unknown to Plaintiff at this time; however, the Class is estimated to be hundreds of individuals.  Plaintiff estimates there were more than 300 Aramark employees at her location.  Accounting for employee turnover during the relevant periods necessarily increases this number substantially.   Plaintiff allege Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

b.   The proposed class is easily ascertainable. The number and identity of the class members are easily determined from Defendants' payroll records and time records for each class member.

c.   <u>Commonality</u>:  There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members.   These common questions of law and fact include, without limitation:

1.  Whether Defendants accurately paid Class Members for all hours worked;

2.  Whether Defendants knew or should have known that Class Members were required to perform work off the clock;

3.  Whether Defendants accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

4.  Whether Defendants accurately paid employees double time for hours worked in excess of 12 hours in one day or for work over 8 hours in a day on the seventh day of work in a workweek;

6.  Whether Defendants had a policy and practice of providing

lawful, timely meal periods in accordance with Labor Code §
512, as well as the applicable Industrial Welfare Commission
("IWC") Wage Orders;

7. Whether Defendants had a policy and practice of complying with
Labor Code section 226.7 and IWC Wage Orders on each
instance that a lawful, timely 30-minute uninterrupted meal
period was not provided;

8. Whether Defendants failed to authorize and permit a lawful, net
10-minute rest period to the Class Members for every four (4)
hours or major fraction thereof worked;

9. Whether Defendants required employees to remain on the
premises during meal and/or rest periods;

10. Whether Defendants required employees to carry
communications devices and remain available during meal
and/or rest periods;

11. Whether Defendants had a policy and practice of complying with
Labor Code section 226.7 and the IWC Wage Orders on each
instance that a lawful rest period was not provided;

12. Whether Defendants failed to reimburse employees for necessary
expenses in accordance with Labor Code section 2802;

13. Whether Defendants failed to pay vested vacation wages as
required by law;

14. Whether Defendants omitted required information from itemized
wage statements;

15. Whether Defendants failed to maintain accurate records of Class
Members' earned wages, work periods, meal periods and
deductions;

16. Whether Defendants' conduct was willful and/or reckless;

17. Whether Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

18. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

d. <u>Typicality</u>:    Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom they have a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendants' failure to provide lawful meal and rest periods, failure to reimburse expenses, failure to provide accurate wage statements, failure to timely pay wages during employment, failure to pay minimum wages, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendants' policies and practices that affected each member of the Class and/or Subclasses similarly.   Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that they have an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist.  Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.   Other former and current

COMPLAINT

employees of Defendants may also serve as representatives of the Class and Subclasses if needed.

f.    <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices that affected each member of the Class and/or Subclasses similarly.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.    <u>Public Policy Considerations</u>:    Employers in the state of California violate employment and labor laws every day.    However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of

COMPLAINT

current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### (By Plaintiff and the Class Against Defendants)

53.     Plaintiff incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

54.     Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

55.     Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

56.     Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Orders.

57.     The applicable Wage Orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

58.     Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section

1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

59.    During all relevant periods, the California Labor Code and Wage Orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

60.    The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

61.    At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Defendants frequently required Plaintiff and the Class Members to work off the clock.

62.    Plaintiff is informed and believe that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

63.    Defendants' policy and practice of not paying all minimum wages violates California Labor Code sections 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable Wage Order(s).

64.    Due to Defendants' violations of the California Labor Code and Wage Orders, Plaintiff and the Minimum Wage Subclass members are entitled to recover from Defendants their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

**SECOND CAUSE OF ACTION**

**<u>FAILURE TO PAY OVERTIME OWED</u>**

**(By Plaintiff and the Class Against All Defendants)**

65.    Plaintiff incorporate each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

66.     During all relevant periods, Defendants required Plaintiff and the Class members to work shifts in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

67.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent Wage Order(s) required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

68.     During all relevant periods, Defendants had a uniform policy of requiring Plaintiff and the Class members to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay.   Upon information and belief, Defendants also failed to properly compensate Plaintiff and the Class Members for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek.

69.     The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

70.     At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid because Plaintiff and the Class Members were required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

71.    Plaintiff is informed and believe that Defendants were aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

72.    In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, (shift) differentials, gist cards, commissions, and incentives, into the regular rate for overtime purposes.

73.    As a result, Defendants failed to pay Plaintiff and the Class members earned overtime wages and such employees suffered damages as a result.

74.    Defendants knew or should have known Plaintiff and the Class Members were undercompensated as a result of these practices.

75.    Due to Defendants' violations of the California Labor Code, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

## THIRD CAUSE OF ACTION

## <u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u>

**(By Plaintiff and the Meal Period Subclasses Against All Defendants)**

76.    Plaintiff incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

77.    Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

78.    For the three (3) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members timely and uninterrupted first meal

periods of not less than thirty (30) minutes within the first five hours of a shift.

79.     As a consequence of Defendants' policies and practices, requirements, demands, coverage and staffing, Plaintiff and the Class Members were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

80.     Although meal periods were not lawfully provided to Plaintiff and Class Members, Defendants had a policy and procedure of requiring Plaintiff and Class Members to clock out and continue working through their meal periods. If Plaintiff and Class Members did not clock out, Defendants had a policy and procedure of requiring Plaintiff and Class Members to fill out a time adjustment form to change their recorded time to show a compliant meal period, regardless of whether a compliant meal period was taken.

81.     In addition, Plaintiff and, upon information and belief, the Class Members were required to carry work-related cellular phones or other communications devices during meal and rest periods, and were required to remain available.  Meal and rest periods were frequently interrupted as a consequence.

82.     Further, Plaintiff. and, upon information and belief, the Class Members were not allowed to leave the premises during meal and rest periods.

83.     Upon information and belief, Plaintiff and the Class Members were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.

84.     As a proximate result of the aforementioned violations, Plaintiff and the Class Members have been damaged in an amount according to proof at time of trial.

85.     Pursuant to <u>Labor Code</u> § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay at the regular rate for each day in which a meal period violation occurred.  They are also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

86.     Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a meal period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' meal period policies and practices and Defendants did not pay said Class Members premium pay as required by law.

87.     As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS</u>**

**(By Plaintiff and the Rest Period Subclasses Against All Defendants)**

88.     Plaintiff incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

89.     Pursuant to the IWC Wage Orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which as far as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

90.     Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

91.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours,

based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

92.     Despite said requirements of the IWC Wage Orders applicable to Plaintiff's and Class Members' employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

93.     In addition, as detailed above, Plaintiff and the Class Members were required to carry work-related cellular phones or other communications devices during meal and rest periods, and were required to remain available. Meal and rest periods were frequently interrupted as a consequence.

94.     Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a rest period violation occurred.  On information and belief, the other members of the Class endured similar violations as a result of Defendants' rest period policies and practices and Defendants did not pay said Class Members premium pay as required by law.

95.     By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Orders.

96.     As a result of the unlawful acts of Defendants, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and

penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>**

**(By Plaintiff and the Indemnification Subclass Against All Defendants)**

97.    Plaintiff incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

98.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

99.    Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties, including, without limitation, bottle openers and other tools.

100.    Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

101.    As a result of the unlawful acts of Defendants, Plaintiff and the Plaintiff's Subclass Members have been deprived of un-reimbursed sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §2802.

**SIXTH CAUSE OF ACTION**

**<u>KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH</u>**

**<u>ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS</u>**

**(By Plaintiff and Wage Statement Subclass Against Defendants)**

102.    Plaintiff repeat and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

103.    Labor Code section 226(a) reads in pertinent part: "Every employer

- 22 -

COMPLAINT

shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

104.    Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

105.    Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

106.    Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement

which failed to accurately compensate Plaintiff and Class Members for all hours worked and for missed and non-provided meal and rest periods, which failed to include compensation for all minimum wages earned or overtime hours worked, or which failed to properly include all earned vacation wages was an inaccurate wage statement.  In addition, the wage statements inaccurately stated totals hours worked, hours worked at each hourly wage rate, and the name and address of the employer.

107.    On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to employees or all hours worked, as required for Non-Exempt Employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

108.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information.  Here, Plaintiff assert the Defendants omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, failure to pay meal and rest period premiums, and failure to pay earned vacation wages as required by law.

109.    Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for

Defendants by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

110.    Plaintiff and the members of the Wage Statement Class have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, and the amount of accrued vacation/PTO.

111.    Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray judgment against Defendants, jointly and severally, as follows:

## **Class Certification**

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

COMPLAINT

**On the First Cause of Action**

<u>(Failure to pay minimum wages)</u>

1.  For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.  Penalties according to statute,

3.  Liquidated damages,

4.  Reasonable attorneys' fees, and costs of suit;

5.  For interest and

6.  For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

<u>(Failure to pay overtime)</u>

1.  For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.  Penalties according to statute,

3.  Liquidated damages,

4.  Reasonable attorneys' fees, and costs of suit;

5.  For interest and

6.  For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

<u>(Failure to Provide Lawful Meal Periods)</u>

1.  For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.  For reasonable attorneys' fees and costs pursuant to statute; and

3.  For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

COMPLAINT

(Failure to Authorize and Permit Lawful Rest Periods)

1.    For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.    For reasonable attorneys' fees and costs pursuant to statute; and

3.    For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

(Failure to Reimburse Necessary Expenses)

1.    For unreimbursed sums;

2.    For reasonable attorneys' fees and costs pursuant to statute;

3.    For interest; and

4.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter to the fullest extent available under the law.


Dated: November 21, 2024

_____
James R. Hawkins, Esq.
Christina M. Lucio, Esq.
Mitchell J. Murray, Esq.
Paul A. Brown, Esq.

Attorneys for JULIA DALE, on behalf of themselves and all others similarly situated